

U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed June 29, 2009            United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CASE NO.: 05-47496-DML |
| DONALD WOOD AND KAY WOOD, | § | |
| | § | CHAPTER 7 |
| DEBTORS. | § | |
| | § | |
| FLORIDA CLAIMS CONSULTANTS, INC. N/K/A | § | |
| GREEN STATE PUBLIC ADJUSTERS, INC., | § | |
| | § | ADVERSARY NO.: 09-04025 |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| DONALD WOOD AND KAY WOOD, | § | |
| | § | |
| DEFENDANTS. | § | |

**<u>Memorandum Opinion</u>**

Before the court is *Defendants Donald Wood and Kay Wood's Motion to Dismiss Complaint to Revoke Discharge of the Debtor and Brief in Support Thereof* (the "Motion") filed by debtors Donald Wood and Kay Wood (together, "Defendants" or "Debtors"). Florida Claims Consultants, Inc. n/k/a Green State Public Adjusters, Inc. ("Plaintiff") filed *Plaintiff Florida Claims Consultants Inc's Response to Defendant Don Wood's Motion to Dismiss* (the "Response") in response to the Motion. The court held a hearing on the Motion on April 30, 2009 (the "Hearing"). At the Hearing counsel for Plaintiff and counsel for Defendants appeared and delivered argument.

The court considers the Motion by virtue of its core jurisdiction under 28 U.S.C. §§ 1334(b) and 157(b)(2)(J). This memorandum opinion embodies the court's findings and conclusions. FED. R. BANKR. P. 7052.

## I. Background

Defendants filed their voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code (the "Code")[1] on July 28, 2005 (the "Petition Date") which initiated the underlying bankruptcy case (the "Bankruptcy Case"). Following the Petition Date Carey Ebert was appointed chapter 7 trustee in the Bankruptcy Case (the "Trustee"). The Bankruptcy Case proceeded without anything of note occurring and Debtors received their discharge (the "Discharge") on November 9, 2005. Also on November 9, 2005 the Bankruptcy Case was closed and the Trustee was discharged of her duties.

It is asserted by Plaintiff that, beginning at some point prior to the Petition Date and continuing on during the pendency of the Bankruptcy Case, Mr. Wood worked in some capacity with Plaintiff in Florida, apparently as an insurance adjuster of some sort.

---

[1] 11 U.S.C. § 101, *et seq*.

On or about March 1, 2007, Mr. Wood filed a complaint in the United States District Court for the Northern District of Florida against, *inter alia*, Plaintiff (the "Florida Case"). The claims that gave rise to the Florida Case were not listed on Debtors' schedules in the Bankruptcy Case. In Plaintiff's response to Mr. Wood's complaint in the Florida Case Plaintiff asserted that the claims made against it properly belonged to the Trustee, not Mr. Wood.

In response to Plaintiff's argument that the Trustee was the proper plaintiff in the Florida Case, Debtors moved to reopen the Bankruptcy Case on May 27, 2007. That motion was granted on June 21, 2007. In connection with the case being reopened the Trustee was reappointed. Seven days after the case was reopened Debtors amended their schedule B to reflect the Florida Case.

On January 23, 2009, Plaintiff filed two notices of assignment and transfer of claims. The notices evidenced the assignment of two pre-petition unsecured claims to Plaintiff (the "Assigned Claims").[2]

Three days later, on January 26, Plaintiff filed its *Complaint to Revoke Discharge of the Debtor* (the "Complaint") which initiated the instant adversary proceeding (the "Adversary"). By the Adversary Plaintiff seeks to revoke the Discharge based only on section 727(d)(2) of the Code.[3] In the Complaint, Plaintiff pleads standing as follows:

> [Plaintiff] is a Florida Corporation who is the assignee of the *Proofs of Claims* [sic] filed by JB Rogers [sic] and Great American Leasing Corporation, and thus has standing as a creditor to file this action…

---

[2] The first was the claim filed by JB Rodgers, the second was the claim of Great American Leasing Corporation.

[3] In the Complaint it is not entirely clear whether Plaintiff is seeking relief solely as to Mr. Wood or against both Debtors. In light of the court's disposition of the Motion, the issue of whom relief is sought against is moot.

Complaint at ¶ 2, p. 2 (emphasis in original).[4]

In the Complaint Plaintiff alleges that, because Defendants did not originally list the contracts between Plaintiff and Mr. Wood which gave rise to the Florida Case, Defendants should not have received a discharge. In response to the Complaint Defendants filed the Motion which asserts that Plaintiff is time barred from filing the Complaint by section 727(e) of the Code and thus the Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) which is generally incorporated in bankruptcy adversary proceedings by FED. R. BANKR. P. 7012. The Response asserts that the deadline to seek revocation of the Discharge has not passed because the case was reopened and alternatively that the time bar of section 727(e)(2) should be equitably tolled.

## II. Issues

At issue in this matter is (i) the applicability to the Complaint of the one year limitation on the filing of a complaint to revoke a discharge under section 727(e) and (ii) whether obtaining the assignment of a pre-petition claim gives rise to standing to seek revocation of discharge under section 727(d). For the reasons discussed below the court concludes that the plain language of section 727(e) precludes Plaintiff from now seeking revocation of Defendants' discharge and, further, even if that were not the case, Plaintiff would not have standing to attack Defendants' discharge because such standing cannot be conferred through the post-petition purchase of a pre-petition claim.

## III. Discussion

---

[4] Plaintiff also asserts that if may be entitled to an administrative claim against the estate because it has prevailed in the Florida Case and thus may be entitled to costs, although no order awarding such costs or other proof of entitlement to any costs has been provided to the court.

Under Rule 7012(b)(6), a party moving for dismissal has the burden of showing that no claim has been stated. 2 MOORE'S FEDERAL PRACTICE § 12.34[1][a] (3d ed. 2006). A Rule 12(b)(6) motion may be granted either because a legal remedy based on the alleged facts does not exist or because the facts as alleged, even if true, do not satisfy the legal requirements of the pleaded cause of action. While a complaint attacked pursuant to Rule 12(b)(6) to survive does not need to contain detailed factual allegations, (*Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (*citing Papsan v. Allain*, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a plaintiff's right to relief beyond the speculative level. *See* 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). On the other hand, the court must assume that all the allegations in the complaint are true (even if doubtful in fact), and dismissal under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *See, e.g., Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Rule 12(b)(6) is a proper mechanism to assert that a complaint to revoke discharge is time barred. *Casciato-Northrup v. Phillips (In re Phillips)*, 233 B.R. 713, fn 2 (Bankr. W.D. Tex. 1999).

**A. Section 727(e) One Year Limit**

The Complaint seeks to revoke the Discharge pursuant to Code section 727(d)(2).[5] If this relief were granted Debtors would not receive a discharge as to any of their eligible pre-petition debt. *Cf.* 11 U.S.C. § 523(a). The time in which an adversary proceeding to revoke a discharge may be brought pursuant to section 727(d) is specified for in section 727(e).

1. *Section 727(e)*

Code section 727(e) states:

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
   (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
   (2) under subsection (d)(2) or (d)(3) of this section before the later of—
      (A) one year after the granting of such discharge; and
      (B) the date the case is closed.

Code section 727(e).

The Complaint is subject to section 727(e)(2) which sets the deadline to seek revocation of a discharge based on 727(d)(2) at the later of one year from the granting of the discharge or the date the case is closed. Unless it would lead to an absurd result, the court must apply the plain meaning of section 727(e) in deciding the Motion. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004); *United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989); *Wheeler v. Pilgrim's Pride Corp.*, 536 F.3d 455, 458-59 (5th Cir. 2008). The plain language of section

---

[5] Section 727(d)(2) provides for revocation of discharge based on Debtor's failure to disclose an asset in his Bankruptcy Case:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;…

11 U.S.C. 727(d)(2).

727(e)(2) makes it apparent that, since the Bankruptcy Case was closed in 2005 and the Adversary was commenced in 2009, the Complaint was filed out of time and thus the Complaint fails to state a claim for which relief can be granted. *See* Rule 12(b)(6).

2. *Plain Meaning and a Reopened Case*

In the Response Plaintiff states "Debtor's re-opened case has not yet been closed, thus Plaintiff's Complaint was brought within the time period prescribed by 11 U.S.C. Section 727(e)(2)." Response at p. 2. Plaintiff also asserts that the estate could not have been fully administered and thus the case could not have been closed, thereby time barring the filing of the Complaint. Both of these arguments are belied by Congress's unusually clear mandate in section 727(e)(2) that, at the occurrence of the later of (i) one year after granting of the discharge which is sought to be revoked or (ii) the case being closed, a proceeding seeking revocation of a discharge based on section 727(d)(2) cannot be brought. There is nothing in section 727(e) which contemplates any additional time for seeking revocation of a discharge if the case is reopened.

Congress specifically addressed the closing and reopening of cases. 11 U.S.C. § 350(b).[6] Congress might have provided for an extension of the time limits in section 727(e)(2) upon a case being reopened. *Cf.* Code § 348(c), providing for new time limits under certain sections in a case that is converted to another chapter.

---

[6] Also significant is FED. R. BANKR. P. 9024, which precludes any extension of the time limit imposed by section 727(e) by way of a motion to reconsider based on FED. R. CIV. P. 60. Rule 9024 generally incorporates Rule 60 with several important caveats. Rule 9024 reads in part: "Rule 60 F.R.Civ.P. applies in cases under the Code except that ... (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code...". *See* Rule 9024. Rule 9024's language is instructive of Congressional intent that there be no extension of the deadlines established by Code section 727(e).

The argument that a reopened case exposes a debtor to a new time limitation for filing discharge revocation complaints is undercut because if such were the case a creditor would, upon reopening a debtor's case, automatically get around the time limitations of section 727(e)(2)(B). Because only the bankruptcy court may determine general objections to discharge or complaints to revoke discharge (*see* 28 U.S.C. 157(b)(2)(J)), a debtor's underlying case would necessarily be open for a revocation complaint even to be filed. Thus, if Plaintiff is correct, a very predicate of commencement of a revocation adversary would be that the time fixed by section 727(e)(2)(B) would not have passed. Reading section 727(e)(2)(B) in this fashion would lead to the very sort of absurd result that the Supreme Court has instructed in *Ron Pair* and *Lamie* must be avoided.

In this case the Complaint was filed over three years after Debtors received the Discharge and their bankruptcy case was closed. This is well outside the one year limitation. In similar situations courts have held a revocation complaint to be out of time. *Kartzman v. Abdelmassia (In re Abdelmassia)*, 362 B.R. 207, 213 (Bankr. D.N.J. 2007); *Hadlock v. Dolliver (In re Dolliver)*, 255 B.R. 251, 257 (Bankr. D. Me. 2000); *Towers v. Boyd (In re Boyd)*, 243 B.R. 756, 763 (N.D. Cal. 2000); *Dahar v. Bevis (In re Bevis)*, 242 B.R. 805, 810 (Bankr. D. N.H. 1999); *In re Phillips*, 233 B.R. at 717.[7]

---

[7] Plaintiff relies almost entirely on *Caughey v. Succa (In re Succa)*, 125 B.R. 168 (Bankr. W.D. Tex. 1991) to support its position and a later case adopting *Succa*'s analysis *Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519 (Bankr. D. Mass. 1998). The court respectfully disagrees with the *Succa* Court for the reasons stated in the *Boyd* case. As the *Boyd* Court stated:

> The bankruptcy code emphasizes the importance of giving debtors a "fresh start" and uses finality of discharge to effectuate this goal. See H.R. Rep. No. 595, at 384-85 (1977) and S. Rep. No. 989 at 98-99 (1978), reprinted in Norton Bankruptcy Law and Practice 2d 798-99 (1999) (section 727); H.R. Rep. No. 595 at 365-66 (1978) and S. Rep. No. 989 at 80 (1978), reprinted in Norton Bankruptcy Law and Practice 2d 592 (section 524). Revocation of discharge is considered an "extraordinary remedy." *Bowman v. Belt Valley Park (In re Bowman)*, 173 B.R. 922, 924 (B.A.P. 9th Cir. 1994). If the Court interpreted the bankruptcy code as [the objector] suggests, a debtor's discharge would lose its finality.

*Towers v. Boyd (In re Boyd)*, 243 B.R. 756, 765 (N.D. Cal. 2000).

Based on the foregoing, the plain language of section 727(e)(2)'s time limitation bars the relief being sought in the Complaint.

3. *Equitable Tolling Not Applicable*

Plaintiff argues that it is entitled to equitable tolling of the time limits fixed in section 727(e)(2). For the reasons discussed below, the court does not agree.

Under the doctrine of equitable tolling, a deadline provided by statute is deemed not to have run according to the calendar but rather as having been tolled by reason of, *e.g.*, the inability of the party facing the deadline to know of its running. Leaving aside that Plaintiff knew by at least mid-2007 (far more than a year prior to the filing of the Complaint) of the Bankruptcy Case – and so knew of the applicability of section 727(e)(2)(B) to the potential revocation of the Discharge – the court does not find equitable tolling applicable to the times fixed in section 727(e).[8]

"Equitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *United States v. Beggerly*, 524 U.S. 38, 48 (1998) (*citing United States v. Brockamp*, 519 U.S. 347 (1997)). In interpreting Code section 727(e)(1) one court held that equitable tolling was "inconsistent with the text" of section 727(e)(1). *Phillips,* 233 B.R. at 716.

There is no reason to apply a different rule to section 727(e)(2). Section 727(e)(2) creates a deadline to file a complaint to "revoke a discharge" under section 727(d)(2). While not expressly stated, it can be presumed that a plaintiff in such an action would have only become

---

[8] Plaintiff asks the court to do it equity. Yet its delay in seeking revocation of the Discharge – to say nothing of its less than savory conduct in buying claims solely to give Debtors pain – raises doubt about its entitlement to such consideration.

aware of the alleged wrongdoing *vis-a-vis* section 727(d)(2) after discharge. Otherwise the plaintiff would have filed an objection to discharge within the timeframe allowed by Rule 4004.

The fresh start provided by the Code is one of the key tenets of bankruptcy. *In re Cross*, 666 F.2d 873, 879 - 80 (5th Cir. 1982). The finality provided by the deadlines in section 727(e) are an essential part of the debtor's fresh start in bankruptcy. *Boyd*, 243 B.R. at 764 (*citing Beauchamp v. Hoose (In re Beauchamp)*, 236 B.R. 727, 730 (B.A.P. 9th Cir. 1999) ("Section 727 is the heart of the fresh start provisions of the bankruptcy law, and must be construed liberally in favor of the debtor and strictly against the objector.") (internal citation omitted)). The court here sees no reason to disturb the finality of the Discharge, especially in light of Plaintiff's knowledge in 2007 of the Bankruptcy Case.

**B. Assignment of Pre-Petition Claim Does Not Confer Standing to Object to Discharge**

The court next addresses Plaintiff's post-petition purchase of the Transferred Claims as a second basis for its decision to grant the Motion. It is clear that Plaintiff purchased the Transferred Claims for the sole purpose of attacking the Discharge. At no point has Plaintiff asserted that it held in its own right a pre-petition claim and thus would have standing as a creditor to seek revocation of the discharge absent purchasing the Assigned Claims.

Section 727(e) states that only a "trustee, a creditor, or the United States trustee" may seek revocation of a discharge under section 727(d). 11 U.S.C. § 727(e). There is no doubt that Plaintiff is not a trustee or the United States trustee, so the court turns to a discussion of "creditor" for purposes of section 727(e).

For the purposes of seeking revocation of discharge, the term creditor means the original pre-petition creditor. A debtor's discharge… "is not a marketable commodity which may be purchased by one party from another in order to inflict punishment and discomfort upon the

debtor." *Young v. Beugen (In re Beugen)*, 99 B.R. 961, 965 (9th Cir. BAP 1989), aff'd. 930 F.2d 26 (9th Cir. 1991)[9].

In this case Plaintiff had no pre-petition claim prior to purchasing the Assigned Claims on the eve of seeking revocation of the Discharge.[10] Plaintiff's Complaint asserts that it has standing based on the Transferred Claims. Because Plaintiff's standing is dependant upon claims bought for the sole purpose of gaining standing, the court would conclude Plaintiff lacks

---

[9] In a recent, unreported decision in this district, one court stated: "Some courts have held, and this Court agrees, that, in certain instances, the right to object to a debtor's discharge is not a marketable commodity which may be purchased by one party from another." *Cadle Co. v. Todd (In re Todd)*, 2003 Bankr. LEXIS 2259 *fn 1 (Bankr. N.D. Tex. Jan. 13, 2003) *citing to Young v. Beugen (In re Beugen)*, 99 B.R. 961 (9th Cir. BAP 1989). In *Todd*, however, the court did not follow *Beugen*. The *Todd* case is distinguishable from the case at bar for two reasons: first the creditor in *Todd* had received one of its assignments of claim prior to the petition date, and, second, *Todd* deals with an objection to discharge under Code section 727(a) and not an attempt to revoke discharge under section 727(d). While there may be exceptions to the general rule that standing to challenge a debtor's discharge may not be acquired by purchase of a claim post-petition, there is nothing in the record before the court that suggests this is such a case.

[10] Plaintiff asserts that its alleged administrative claim gives rise to standing to seek to revoke discharge. Plaintiff states:

> Further, Defendant's statement that Plaintiff's standing to assert an objection is based solely upon 'Plaintiff having purchased de minimums [sic] claims of third party claimants' is incorrect. Other claimants have indeed assigned their smaller claims against Defendant to Plaintiff, totaling $5,000.00, however, these assignments are not the sole basis for Plaintiff's claim. Donald Wood sued Donald Green, Emily Green and Florida Claims Consultants, Inc. … to enforce contracts signed between Wood, the Greens, and Florida Claims. Florida Claims is pursuing its claims of reimbursement for court costs incurred in that suit in the approximate amount of $7,5000.00.

See Response at pp. 3-4.

As expressly stated in section 727(e) Plaintiff must be a "creditor" to file a complaint to revoke discharge. Code § 727(e). The term "creditor" is defined by the Code as "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title or (C) entity that has a community claim." Code § 101(10). By the terms of the statute, even if Plaintiff's alleged claim for fees were allowed, Plaintiff would not fall under the definition of "creditor." *See generally In re McQuality*, 5 B.R. 302, 303 (Bankr. S.D. Ohio 1980) (holding that a chapter 7 debtor was not permitted to seek revocation of *his own* discharge because debtors are not listed in the statute.). Finally, because any claim for attorney's fees Plaintiff may have arose post-petition, the claim would not be barred by the Discharge. *See* COLLIER ON BANKRUPTCY ¶ 727.13 (15th Ed. Rev. 2008). The holder of a claim that is not discharged is not an appropriate party to oppose the discharge of other claims against its debtor.

standing to seek revocation of the Discharge even were the court to find that the time to file such a complaint had not expired.

## C. Plaintiff's Conduct

As discussed above Plaintiff commenced this adversary well outside of the time permitted under section 727(e) of the Code. Moreover, Plaintiff commenced a punitive action through use of purchased standing. It appears to the court that Plaintiff's conduct may well be in violation of, *inter alia*, FED. R. BANKR. P. 9011.[11] Thus, while the court concludes dismissal of this adversary to be proper, it also concludes it must retain jurisdiction to consider any motion Defendants may press requiring payment by Plaintiff of Defendants' attorney's fees, or seeking sanctions against Plaintiff.

### III. Conclusion

For all the reasons stated in this memorandum opinion, the Adversary must be dismissed. Counsel for Defendants is directed to prepare an submit an order consistent with this memorandum opinion dismissing the Adversary.

### ### End of Memorandum Opinion ###

---

[11] Rule 9011 provides in part:
 (b) Representations to the court.
 By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
  (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
  (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;…
Rule 9011(b).